**MUNZ, Plaintiff-Appellant, v. "SPOFA," etc., Defendant-Appellee.**

Ohio Appeals, Ninth District, Lorain County.

No. 1293: Decided August 20, 1953.

Levin & Levin, for plaintiff-appellant.
D. K. Cook, for defendant-appellee.

(HURD and SKEEL, JJ, of the Eighth District, sitting by designation in the Ninth District.)

## OPINION

By SKEEL, J.:

This appeal comes to this court on questions of law from a judgment for the defendant entered on the verdict of a jury. The action is one sounding in contract in which the plaintiff seeks recovery of certain commissions and deposit money claimed due under the terms of such contract.

The appellee has filed a motion to strike the bill of exceptions from the file. The bill as first filed was narrative in form except as to the charge of the court and the special request to charge before argument. Exceptions were filed and, upon hearing, were sustained, the court holding the bill did "not present a true portrayal of the testimony and proceedings including cross-examination, defense motions, objections, exceptions of defendant, and so forth, and it is beyond the capacity of this court to correct same to conform with the proceedings* * *."

The appellant requested a rehearing on the exceptions which was granted and, upon rehearing, the court vacated its former order sustaining the exceptions and disallowance of the bill and proceeded to certify as correct—

"1. All exhibits admitted or offered as appear by the bill of exceptions are true.

"2. That the bill of exceptions from page 26 on containing excerpts of testimony and special requests to charge and the charge of the court are true.

"3. That the narrative bill of exceptions from pages 2 to 26 prepared by plaintiff as amended is disallowed."

Thereafter, counsel added nine more pages of evidence prepared by

the court reporter, but which are not certified as correct upon the record.

The claims of error which are now presented are as follows:

"1. Error of the Court in giving to the jury defendant's special instruction No. 1 before argument wherein the Court charged that the jury must return a verdict for the full amount claimed in the first cause of action or nothing.

"3. For error in the general charge given to the jury, especially on the question of the measure of damages wherein the Court failed and refused to charge the rule in Hadley v. Baxendale.

"4. For error in rejecting all testimony offered by plaintiff which made any reference to Moscow or Communism although said testimony was pertinent to the issues; and in admonishing plaintiff with reference thereto; and in instructing the jury with reference thereto."

All other claims of error were waived in open court and not argued because of the failure or inability of the plaintiff appellant to bring to the Court of Appeals a bill of exceptions sufficiently complete to demonstrate such errors.

We find it unnecessary to pass upon the defendant appellee's motion to strike the bill of exceptions for the reason that considering the parts of the bill of exceptions that are certified as correct, such record of the proceedings is not sufficiently complete to test the errors of which the plaintiff appellant complains.

The judgment is therefore affirmed. Exceptions noted. Order see journal.

DOYLE, PJ, HURD, J, concur.